## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

SHERRY ANICICH, Independent )
Administrator of the Estate of ALISHA )
BROMFIELD, Deceased, and as Special )
Administrator of the Estate of BABY AVA )
LUCILLE, )
      )
     Plaintiff, )
      )
      )
     v. )     No.
      )
HOME DEPOT U.S.A., INC. d/b/a )
HOME DEPOT, JOHN MOSSEL, )
and TODD MOSSEL, each individually )  PLAINTIFF DEMANDS A TRIAL BY JURY
and each d/b/a GRAND SERVICE, LLC., )
and each d/b/a GRAND FLOWER )
GROWERS, INC., and each d/b/a )
VINCA SOLUTIONS, LLC., )
    Defendants. )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, SHERRY ANICICH, as Independent

Administrator of the Estate of ALISHA BROMFIELD, deceased, and as Special

Administrator for the Estate of BABY AVA LUCILLE, by and through her attorneys,

KRALOVEC, JAMBOIS & SCHWARTZ, and complaining of the Defendants,

HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT, JOHN MOSSEL, and TODD

MOSSEL, each individually and each d/b/a GRAND SERVICE, LLC., and each d/b/a

GRAND FLOWER GROWERS, INC., and each d/b/a VINCA SOLUTIONS, LLC.,

collectively referred to as "GRAND," states as follows:

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1.    That the Plaintiff, SHERRY ANICICH, is the mother of ALISHA

BROMFIELD, who died on August 19, 2012, and has been duly appointed the

1



EXHIBIT A

Independent Administrator of the Estate of **ALISHA BROMFIELD**, deceased, by the Circuit Court of Will County, Probate Division, evidencing her right and standing to sue, and brings this action in that capacity (See Exhibit A – Order Granting Letters of Office).

2. That Plaintiff, **SHERRY ANICICH**, is a resident of Plainfield, Illinois at all times relevant hereto.

3. That **GRAND SERVICE, LLC**, is a limited liability company and **GRAND FLOWER GROWERS, INC.**, is a Michigan corporation, that both operate throughout Illinois as joint venturer with or implied agent of **HOME DEPOT U.S.A, INC.**, ("HOME DEPOT") a corporation, which is registered to do business in Illinois with facilities throughout the State and with more than 29 outlets in Cook County, Illinois.

4. That, as joint venturer with or implied agent of **HOME DEPOT**, **GRAND** provides seasonal personnel as well as grows, supplies, then cares for and sets up the flowers and plants for the garden centers at **HOME DEPOT**, and in that capacity it pays said employees via **VINCA SOLUTIONS, LLC**.

5. That at all times relevant hereto, **BRIAN COOPER**, was a resident of Illinois, and employee of **GRAND**. That at the time of the matters complained of, **GRAND**, through their agents, supervisors, and others were aware or should have been aware that **BRIAN COOPER** had psychological issues and dangerous propensities, had failed to complete anger management counseling in which **GRAND** had demanded that he participate, in spite of which he was allowed to continue in their employ as a supervisor over young female employees, including **ALISHA**.

2

6. That in 2006 **ALISHA** began working for **GRAND** as a teenager performing merchandiser tasks providing garden services and tending to flowers, and setting up displays and price signs in Illinois **HOME DEPOT** locations including Shorewood, Bolingbrook and Joliet, and continued to work seasonally until the time of her death.

7. That, **BRIAN COOPER**, like **ALISHA**, started as a merchandiser for **GRAND**, but then was promoted to supervisor and/or store team leader, then was promoted to be regional manager, which put him in charge of **GRAND** business, operations, and employees at **HOME DEPOT** garden center facilities throughout Northern Illinois, up until August 19, 2012. At the time of her being hired, **ALISHA** was placed under his supervision and control.

8. That during the more than half decade that followed, Cooper demanded that **ALISHA** accompany him on "business trips" to different **HOME DEPOT** garden center locations he was regional manager of in Cook County and elsewhere, during which he engaged in abusive and inappropriate conduct with **ALISHA**, who was then still a minor.

9. That, while **GRAND** provided some staff, and provided and cared for the flowers, plants at **HOME DEPOT** garden center, **HOME DEPOT** also provided staff, as well as care and maintenance of the flowers and plants, along with ultimate supervision, control, quality assurance and customer satisfaction of the garden center on its premises.

10. That during the time that **ALISHA** worked for **GRAND** at **HOME DEPOT** garden centers, **HOME DEPOT** controlled who it hired and retained, and was in charge of the garden center and overall job site safety for work being performed there.

3

11. That **HOME DEPOT** knew or reasonably should have been aware of this pattern of misconduct and violent tendencies on its premises, since Cooper would publically decry **ALISHA** as a "whore" and "slut" and had been known to throw items at employees.

12. That this was an ongoing course of conduct on Cooper's part, and **ALISHA** repeatedly complained to **GRAND** management about Cooper's conduct, and that he was open in suggesting an intimate relationship between himself and **ALISHA**, based upon the time he was able to be with her because of his work supervision.

13. That despite these complaints, no action was taken by Defendants to investigate, monitor, limit or control Brian Cooper in his interactions with **ALISHA**. Not only were those complaints ignored, but these same persons, it is now believed, actually cooperated with in arranging for Cooper to be alone with **ALISHA** to facilitate his continuing pattern of abuse.

14. That Cooper was known to **HOME DEPOT**, where he was continually on site, as well as to **GRAND**, to be emotionally unstable and violent, and who was left in his position authority even after his propensities had been and noted and he was required to attend anger management therapy, which he failed to satisfactorily complete and, therefore, **HOME DEPOT** and **GRAND SERVICES**, was or should have been aware of **ALISHA's** endangerment.

15. That during 2012, Cooper began to express anger about **ALISHA's** attending college and her personal life. During this time Cooper, with the assistance of others whose identities are currently unknown to the Plaintiff formulated a plan to continue his pattern of abuse and to consummate his relationship with **ALISHA**, and

4

pursuant thereto during his work time alone with her at the **HOME DEPOT** locations, insisted that she accompany his to the wedding of his sister, supposedly so that she could meet his family.

16. That with the assistance of others, Cooper was able to persuade **ALISHA** not to go to work on Friday, August 18, 2012, but to accompany him to the wedding. At that time, **ALISHA** was pregnant and vulnerable, and needed to continue her employment, and was intimidated by Brian Cooper, as was his purpose, and therefore submitted to accompany him to this wedding, which was to take place in Door County, Wisconsin.

17. Once there, he introduced her to various members of his family and, after the ceremony in which his sister was wed, he brought her back to the resort hotel room he had rented for them. There he continued his pattern of verbal and physical abuse, and suggested that they enter into a permanent relationship, and when she declined, he threatened her if she did not submit to him, and then, as she begged for her life and that of her unborn child, he strangled her for five minutes or more until she was dead, and thereafter, undressed her and raped her corpse.

18. At the time of the foregoing, **ALISHA** was nearly seven months pregnant, and the fetus (**BABY AVA LUCILLE**) was viable and alive, but died as a result of her mother's murder and rape.

## COUNT I
### Wrongful Death

NOW COMES the Plaintiff, **SHERRY ANICICH**, as Independent Administrator of the Estate of **ALISHA BROMFIELD**, deceased, by and through her attorneys,

**KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendants, states the following:

1-18.   Plaintiff restates and re-alleges paragraphs 1 through 18 of the Factual Allegations Common to All Counts as paragraphs 1 through 18 of this Count I as though fully alleged herein.

19.   Defendants **HOME DEPOT** and **GRAND** had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee, and would not use his authority to intimidate and terrorize young girls placed under his supervision, and would require them to accompany him various HOME DEPOT locations throughout the Cook and Will Counties.

20.   Defendants **HOME DEPOT** and **GRAND** owed **ALISHA BROMFIELD** a duty to supervise, maintain, operate and monitor the condition of **HOME DEPOT** garden centers premises as well as the conduct of its employees, agents or joint venturers present so as to not cause injury or damage to others.

21.   That, by appointing, empowering or endorsing Brian Cooper, as a regional manager over their Northern Illinois operations, **HOME DEPOT** and **GRAND** placed Brian Cooper in a position of power, control and authority over young female employees, including **ALISHA**.

22.   That at the time the Defendants, **HOME DEPOT** and **GRAND**, hired, subsequently retained and promoted Brian Cooper, he was unfit to serve in his supervisory capacity as Regional Manager or in a supervisory position, which information was known by or, in the exercise of reasonable care, should have been known by Defendants, **HOME DEPOT** and **GRAND**.

23. That the unfitness of Brian Cooper to serve as Regional Manager and supervisor over teenagers and young women hired to work in the **HOME DEPOT** garden centers in Northern Illinois created a reasonably foreseeable risk of danger to the public and the decedent, including risk of injury, serious bodily harm, and clearly death.

24. That, by allowing Brian Cooper unchecked authority in selection and retention of the employees he hired to work at the **HOME DEPOT** garden centers, and the allocation of the number of hours an employee would or would not work at the **HOME DEPOT** garden centers, **HOME DEPOT** and **GRAND** placed Brian Cooper in a position of power and authority over young female employees, including **ALISHA**.

25. That by virtue of his authority as Regional Manager, and his control over the unchecked authority in selection and retention of the employees he hired to work at the **HOME DEPOT** garden centers, and the allocation of the number of hours an employee would or would not work at the **HOME DEPOT** garden centers, Brian Cooper required, coerced, manipulated and intimidated **ALISHA** into accompanying him to **HOME DEPOT** locations throughout, among others, Cook County, where he continued to intimidate and abuse teenage garden workers, including **ALISHA**.

26. That Cooper's practices and proclivities were well known to many other employees of **GRAND** and **HOME DEPOT**, particularly his pattern of abuse as it related to **ALISHA**, such that Defendants **HOME DEPOT** and **GRAND** knew or should have known that Brian Cooper would be likely to do sexual violence to **ALISHA**, and that he was using his authority over her employment to have access to her and occasions for intimacy, and Cooper would have no such opportunity or occasion but for the negligence and complicity of Defendants, **HOME DEPOT** and **GRAND**.

27. As a proximate result of Defendants **HOME DEPOT's** and **GRAND's** negligence in hiring and retaining Brian Cooper, **ALISHA BROMFIELD** was manipulated, abused, tormented, threatened and bullied by Cooper for a long time prior to August 19, 2012, which culminated with her being subjected to a death threat to her and her unborn child and actually suffered a lengthy strangulation before she died.

28. Plaintiff is the duly appointed Independent Administrator of the Estate of **ALISHA BROMFIELD**, Deceased, and brings this cause of action pursuant to the Wrongful Death Act, 740 ILCS 180/1 *et seq.*

29. **ALISHA BROMFIELD**, Deceased, left surviving her, **SHERRY ANICICH**, her mother, Jim Heisner, her father, and her siblings Luke Anicich, Breonna Anicich, Chase Heisner, and Colton Heisner, who have suffered severe and permanent damages and pecuniary loss including the loss of love, support, guidance, affection companionship and society as a result of the premature death of **ALISHA BROMFIELD**.

**WHEREFORE**, Plaintiff, **SHERRY ANICICH**, Independent Administrator of the Estate of **ALISHA BROMFIELD**, Deceased, demands judgment against Defendants, and each of them, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II
### Survival

**NOW COMES** the Plaintiff, **SHERRY ANICICH**, as Independent Administrator of the Estate of **ALISHA BROMFIELD**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendants, states the following:

1-18.    Plaintiff restates and re-alleges paragraphs 1 through 18 of the Factual Allegations Common to All Counts as paragraphs 1 through 18 of this Count II as though fully alleged herein.

19.    Defendants **HOME DEPOT** and **GRAND** had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee, and would not use his authority to intimidate and terrorize young girls placed under his supervision, and whose duties required them to accompany him various **HOME DEPOT** locations throughout the Cook and Will Counties.

20.    Defendants **HOME DEPOT** and **GRAND** owed **ALISHA BROMFIELD** a duty to supervise, maintain, operate and monitor the condition of **HOME DEPOT** garden centers premises as well as the conduct of its employees, agents or joint venturers present so as to not cause injury or damage to others.

21.    That, by appointing, empowering or endorsing Brian Cooper, as a Regional Manager over their Northern Illinois operations, **HOME DEPOT** and **GRAND** placed him in a position of power, control and authority over young female employees, including **ALISHA**.

22.    That at the time the Defendants, **HOME DEPOT** and **GRAND**, hired and subsequently retained, and promoted Brian Cooper, he was unfit to serve in his supervisory capacity as Regional Manager, which information was known by or, in the exercise of reasonable care, should have been known by Defendants, **HOME DEPOT** and **GRAND**.

23. That the unfitness of Brian Cooper to serve as Regional Manager and supervisor over teenagers and young women hired to work in the **HOME DEPOT** garden centers in Northern Illinois created a reasonably foreseeable risk of danger to the public and the decedent, including risk of injury, serious bodily harm, and clearly death.

24. That, by allowing Brian Cooper unchecked authority in selection and retention of the employees he hired to work at the **HOME DEPOT** garden centers, and the allocation of the number of hours an employee would or would not work at the **HOME DEPOT** garden centers, **HOME DEPOT** and **GRAND** placed Brian Cooper in a position of power and authority over young female employees, including **ALISHA**.

25. That by virtue of his authority as Regional Manager, and his control over the unchecked authority in selection and retention of the employees he hired to work at the **HOME DEPOT** garden centers, and the allocation of the number of hours an employee would or would not work at the **HOME DEPOT** garden centers, Brian Cooper required, coerced, manipulated and intimidated **ALISHA** into accompanying him to **HOME DEPOT** locations throughout, among others, Cook County, where he continued to intimate and abuse teenage garden workers, including **ALISHA**,

26. That Cooper's practices and proclivities were well known to many other employees of **GRAND** and **HOME DEPOT**, particularly his pattern of abuse as it related to **ALISHA**, such that Defendants **HOME DEPOT** and **GRAND SERVICES** knew or should have known that Brian Cooper would be likely to do sexual violence to **ALISHA**, and that he was using his authority over her employment to have access to her and occasions for intimacy, and Cooper would have no such opportunity or occasion but for the negligence and complicity of Defendants, **HOME DEPOT** and **GRAND**.

27.    As a proximate result of Defendants **HOME DEPOT's** and **GRAND's** negligence in hiring and retaining Brian Cooper, **ALISHA BROMFIELD** was abused, tormented, threatened and bullied by Cooper for a long time prior to August 19, 2012, which culminated with her being subjected to a death threat to her and her unborn child and actually suffered a lengthy strangulation before she died.

28.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants and each of them, **ALISHA** sustained injuries of a personal and pecuniary nature, including conscious pain and suffering prior to her death on August 19, 2012, and had she survived, she would have been entitled to bring this action for damages, and this action survives her; and such an action has survived her and accrued to the benefit of her heirs at law, to wit, **SHERRY ANICICH**, her mother, Jim Heisner, her father, and her siblings Luke Anicich, Breonna Anicich, Chase Heisner, and Colton Heisner.

29.    That Plaintiff is the duly appointed Independent Administrator of the Estate of **ALISHA BROMFIELD**, Deceased, and bring this action pursuant to the Survival Act, 755 ILCS 5/27-6, *et seq.*

**WHEREFORE**, the Plaintiff, **SHERRY ANICICH**, as Independent Administrator of the Estate of **ALISHA BROMSFIELD**, demands judgment against Defendants, and each of them, for an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT III
### Funeral & Burial Expenses

**NOW COMES** the Plaintiff, **SHERRY ANICICH**, as Independent Administrator of the Estate of **ALISHA BROMFIELD**, deceased, by and through her attorneys,

11

KRALOVEC, JAMBOIS & SCHWARTZ, and complaining of the Defendants, and each of them, states the following:

1-18. Plaintiff restates and re-alleges paragraphs 1 through 18 of the Factual Allegations Common to All Counts as paragraphs 1 through 18 of this Count III as though fully alleged herein.

19.    That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendants, **HOME DEPOT** and **GRAND**, the Plaintiff, **SHERRY ANICICH**, became liable for the funeral and burial expenses of the decedent, **ALISHA BROMFIELD**, which were incurred by the Estate of **ALISHA BROMFIELD**.

WHEREFORE, the Plaintiff, **SHERRY ANICICH**, as Independent Administrator of the Estate of **ALISHA BROMSFIELD**, deceased, demands judgment against Defendants, and each of them, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages hereinabove alleged.

## COUNT IV
### Wrongful Death (BABY AVA LUCILLE)

NOW COMES the Plaintiff, **SHERRY ANICICH**, as Special Administrator of the Estate of **BABY AVA LUCILLE**, deceased, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendants, states the following:

12

1-18. Plaintiff restates and re-alleges paragraphs 1 through 18 of the Factual Allegations Common to All Counts as paragraphs 1 through 18 of this Count IV as though fully alleged herein.

19. That **ALISHA** began working for **GRAND** as a teenager performing merchandiser tasks providing garden services and tending to flowers, and setting up displays and price signs in Illinois **HOME DEPOT** locations including Shorewood, Bolingbrook and Joliet, and continued to work seasonally until the time of her death.

20. That at the time of her death, **ALISHA** was nearly 7 months pregnant with **BABY AVA LUCILLE**.

21. That during the time that **ALISHA** worked for **GRAND** at **HOME DEPOT** garden centers, **HOME DEPOT** controlled who it hired and retained, and was in charge of the garden center and overall job site safety for work being performed there.

22. Defendants **HOME DEPOT** and **GRAND** had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee, and would not use his authority to intimidate and terrorize young girls placed under his supervision.

23. That at the time the Defendants, **HOME DEPOT** and **GRAND**, hired, subsequently retained and promoted Brian Cooper, he was unfit to serve in his supervisory capacity as Regional Manager, which information was known by or, in the exercise of reasonable care, should have been known by Defendants, **HOME DEPOT** and **GRAND**.

24. That, by appointing, empowering or endorsing Brian Cooper, to the supervisory position as a Regional Manager over their Northern Illinois operations,

HOME DEPOT and GRAND placed him in a position of power, control and authority over young female employees, including ALISHA, who was pregnant with Plaintiff's Decedent, BABY AVA LUCILLE.

25. That at the time of the matters complained of, GRAND, through their agents, supervisors, and others were aware or should have been aware that BRIAN COOPER had psychological issues and dangerous propensities, had failed to complete anger management counseling in which GRAND had demanded that he participate, in spite of which he was allowed to continue in their employ as a supervisor over young female employees, including ALISHA, who was nearly 7 months pregnant on August 19, 2012.

26. That Cooper's practices and proclivities were well known to many other employees of GRAND and HOME DEPOT, particularly his pattern of abuse as it related to ALISHA, such that Defendants HOME DEPOT and GRAND knew or should have known that Brian Cooper would be likely to do sexual violence to ALISHA, and that he was using his authority over her employment to have access to her and occasions for intimacy, and Cooper would have no such opportunity or occasion but for the negligence and complicity of Defendants, HOME DEPOT and GRAND.

27. That a proximate result of the foregoing acts of negligent hiring, retention and supervision of the Defendants, HOME DEPOT and GRAND, ALISHA BROMFIELD and BABY AVA LUCILLE were killed.

28. That but for the actions hereinabove complained of, BABY AVA LUCILE would have been born alive and Plaintiff, SHERRY ANICICH, would have been her grandmother, but who now instead suffers severe and permanent damages and pecuniary

loss including the loss of love, support, guidance, affection and companionship and society as a result of the premature death of **BABY AVA LUCILLE**.

29.    That Plaintiff, **SHERRY ANICICH**, as Special Administrator of the Estate of **BABY AVA LUCILLE**, brings her action in Count IV under the provisions of the Wrongful Death Act, 740 ILCS 180/1 *et seq.*as the surviving grandmother of the decedent, **BABY AVA LUCILLE**, a viable fetus, who died intestate, *en ventre sa mere*, on August 19, 2012.

**WHEREFORE**, the Plaintiff, **SHERRY ANICICH**, as Special Administrator of **BABY AVA LUCILLE**, and grandmother of decedent's unborn daughter, **BABY AVA LUCILLE**, demands judgment against the Defendants, and each of them, in such amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate the Plaintiff for the injuries, losses, and damages hereinabove alleged.

PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted:

_____
Kristin N. Barnette

William D. Maddux
Kristin N. Barnette
KRALOVEC, JAMBOIS & SCHWARTZ
Attorneys for the Plaintiff
60 West Randolph, 4th Floor
Chicago, Illinois 60601
Atty No. 24797
(312)782-2525

15

STATE OF ILLINOIS    )
                            )   SS                               FIRM I.D.: 24797

COUNTY OF COOK    )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| SHERRY ANICICH, Independent Administrator of the Estate of ALISHA BROMFIELD, Deceased,<br><br>           Plaintiff,<br><br>      v.<br><br>HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT, JOHN MOSSEL, and TODD MOSSEL, each individually and each d/b/a GRAND SERVICE, LLC., and each d/b/a GRAND FLOWER GROWERS, INC., and each d/b/a VINCA SOLUTIONS, LLC.,<br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF DAMAGES
### SUPREME COURT RULE 222

    The undersigned being first duly sworn upon oath, deposes and states that she is the attorney representing the Plaintiff in the above entitled cause of action seeking money damages or collection of taxes and states that this cause of action does exceed $50,000.00.

                                          _____
                                          Kristin Barnette
                                        *Attorney for the Plaintiff*

SUBSCRIBED AND SWORN to before me on this 8th day of August, 2014

NOTARY PUBLIC

> OFFICIAL SEAL
> MICHALINE J. ROBITZ
> Notary Public, State of Illinois
> My Commission Expires 8-26-2017

Kristin Barnette
**KRALOVEC, JAMBOIS & SCHWARTZ**
60 W. Randolph Street, 4th Floor
Chicago, IL 60601
(312) 782-2525
Firm ID: 24797

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SHERRY ANICICH, Independent<br>Administrator of the Estate of ALISHA<br>BROMFIELD, Deceased, | )<br>)<br>) | |
| | ) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | No. |
| | ) | |
| HOME DEPOT U.S.A., INC. d/b/a<br>HOME DEPOT, JOHN MOSSEL,<br>and TODD MOSSEL, each individually<br>and each d/b/a GRAND SERVICE, LLC.,<br>and each d/b/a GRAND FLOWER<br>GROWERS, INC., and each d/b/a<br>VINCA SOLUTIONS, LLC.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

## JURY DEMAND

Plaintiff, by and through her undersigned counsel, hereby demands a trial by jury as to all issues and claims asserted in this Complaint.

BY: _____
Kristin Barnette
*Attorney for the Plaintiff*

Kristin Barnette
**KRALOVEC, JAMBOIS & SCHWARTZ**
60 W. Randolph Street, 4th Floor
Chicago, Illinois 60601
(312) 782-2525
Firm ID: 24797

STATE OF ILLINOIS )
              )SS
COUNTY OF WILL )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

Estate of

Alisha N. Bromfield

      **Plaintiff**

      **vs**    Deceased

      **Defendant**

CASE NO: 2014 P 546

## COURT ORDER

On petition for issuance of letters of office;

IT IS ORDERED THAT:

(1) Letters of office as Independent Administrator issue to Sherry Anicich.

(2) This matter is continued to August 5, 2015 at 9:00 a.m for status.

---

Attorney or Party, if not represented by Attorney

Name _James E Tyrz / Bradley Tarcoth_

ARDC # _6275374 / 6311213_

Firm Name _____

Attorney for _Sherry Anicich_

Address _39 South LaSalle Suite 700_

City & Zip _Chicago, 60603_

Telephone _312-424-2411_

Dated: _8/6_, 20 _15_

Entered: _____

             / Judge

**PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL CO**

White – Court  Yellow – Plaintiff  Pink – Defendant

PLAINTIFF'S
EXHIBIT
A

STATE OF ILLINOIS    )
                      ) SS               Firm ID: 24797

COUNTY OF COOK    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| SHERRY ANICICH, Independent Administrator of the Estate of ALISHA BROMFIELD, Deceased, and Special Administrator of the Estate of BABY AVA LUCILLE, <br><br> Plaintiff, <br><br> v. <br><br> HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT, JOHN MOSSEL, and TODD MOSSEL, each individually and each d/b/a GRAND SERVICE, LLC., and each d/b/a GRAND FLOWER GROWERS, INC., and each d/b/a VINCA SOLUTIONS, LLC., <br> Defendants. | No. <br><br> PLAINTIFF DEMANDS A TRIAL BY JURY |

## ORDER

THIS MATTER coming to be heard on the Petition of Sherry Anicich for appointment as Special Administrator, due notice given to all known heirs and legatees, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED that Sherry Anicich is appointed Special Administrator of the Estate of Baby Ava Lucille for the purpose of prosecuting the within lawsuit.

ENTER:

_____

JUDGE

ENTERED
JUDGE IRWIN J. SOLGANICK-0239

AUG 11 2014

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**KRALOVEC, JAMBOIS & SCHWARTZ**
60 West Randolph Street, 4th Floor
Chicago, IL 60601
(312) 782-2525
Firm ID: 24797

3